## Saam *against* Saam.

In trover against an executor *de son tort* for goods of decedent, he may, under the general issue, give in evidence payment of debts to the value thereof, in mitigation of damages.

But his book of original entries is inadmissible as evidence of such payment, by way of retainer; though it might be, to prove goods sold to, or work done for, the intestate.

ERROR to *Westmoreland* county.

This was an action of trover by Jane Saam, administratrix of Adam Saam, Jun. deceased, against the executors of Adam Saam, Sen. deceased, to recover the value of the goods of the plaintiff's intestate, which came to the hands of the defendant's testator as executor *de son tort.* The plaintiff having established her right to recover, the defendant offered in evidence the books of his testator, for the purpose of showing that he had paid the debts of Adam Saam, Jun. to an amount equal to the value of the goods. The evidence was objected to and rejected by the court, (Young, president).

[Saam v. Saam.]

*Alexander*, for plaintiff in error, cited, 7 *Serg. & Rawle* 196; *Gord. Law of Dec.* 90; *Esp. Dig.* 578.

*Beaver* and *Coulter*, contra.

PER CURIAM.—It is said there is no defence by an administrator *de son tort* to the action of a rightful representative; that is, he cannot *plead* payment of debts to the value; yet it seems to be agreed that he may plead the general issue, and give such payments in evidence in mitigation of damages; and that if they amount to the value, the plaintiff shall be nonsuited. The present is an action of trover against the representatives of an executor *de son tort*, and the defence attempted would doubtless be competent, if it were supported by competent proof. But were the books of the executor *de son tort* legal evidence of the existence of debts, or of their payment, or of payment in their order? For all these must concur to entitle him to an allowance. It will not be pretended that they are proof of debts paid to third persons, or that they are, in respect to these, any more than the declarations of the party. Entries in day-books are evidence to charge a party with the price of goods sold, or of work done, but not with money paid or lent; and though the books here might have been competent to prove goods sold to the intestate, or work done for him, if that had been alleged, yet they could not be proof of payment by way of retainer, because an executor *de son tort* cannot retain. The form of the entries has not been put on our paper books, and we would, were it necessary, intend it to be such as would best support the judgment; but in no form could the entries be admissible, and they were therefore properly rejected.

Judgment affirmed.