## Lehr *versus* Taylor.

1. Plaintiff worked defendant's farm upon the shares. By the terms of the lease, he was to have half the grain, but the right of possession thereof in the fields or in the barn was to be in the defendant, until divided and his share delivered to him under the terms of the lease. The plaintiff moved off the farm in the spring. During the following summer the wheat sown the fall previous was harvested, and defendant refused to allow plaintiff to take his share thereof, on the ground that the plaintiff had fraudulently withheld a portion of the corn and other crops of the previous season. The plaintiff brought trover and conversion for the value of one-half of the wheat crop. *Held,* that the action would not lie.

2. *It seems,* that even if this was the proper remedy the defendant could show, in mitigation of damages, that the plaintiff had fraudulently withheld a portion of the crops and could recoup the value thereof in this proceeding.

May 27th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Mifflin county :* Of May Term 1879, No. 122.

Trover and conversion by Matthew P. Taylor against Henry Lehr, to recover the value of one hundred and sixty-five bushels of wheat. The material facts will be found in the opinion of this court.

At the trial before Bucher, P. J., the defendant submitted the following points, to which are appended the answers of the court.

1. That under the article of agreement, given in evidence in this case, plaintiff cannot sustain his suit in this form of action, and the verdict must be for defendant. Refused.

2. That if the jury believe, from the evidence in the case, that plaintiff did not deliver to the defendant his full share of the corn crop, of the last year of his tenancy, but fraudulently withheld a part thereof, and that defendant proposed to plaintiff that he could thresh the wheat, and have his part of it, if he would comply with the article of agreement and give defendant his share or part of the corn crop withheld, that then plaintiff cannot recover and the verdict must be for defendant. Refused.

3. If the court refuses to answer the first and second points, as requested, defendant asks the court to charge the jury that he is entitled to deduct from the plaintiff's claim the value of whatever corn of defendant's share plaintiff withheld and did not deliver to him, in mitigation of damages. Refused.

In the general charge the court, inter alia, said:

"It is in proof that defendant threshed the grain; that the plaintiff demanded his share after it was threshed, but the defendant refused to give it to him, and sold a part and used the balance. This was a conversion of the grain, and the action can be sustained notwithstanding the agreement provides that the defendant is to have the possession of the grain in the fields, as well as in the barn, until he received his share. This stipulation in the agreement

[Lehr *v.* Taylor.]

did no more than give the defendant a lien on the grain until he received his share, if it even did that.    It did not clothe him with authority to sell it and convert it to his own use.    The moment he did this he became a *tort feasor*, and an action would lie.    The defendant insists that he has a right to deduct, or set-off, from this claim of the plaintiff, his share of the corn that the plaintiff neglected or failed to give him for the year 1875.    We instruct you that this is an action *ex delicto*, and the set-off here claimed cannot be allowed.    The defendant, as I said before, may have had the right to the possession of this grain for his protection, but when he sold it, and converted it to his own use, he became liable to this action. The lien that he had for his protection did not give him the right to sell it and pay himself with the proceeds for his share of the corn crop that he did not get in the year 1875.    We admitted this evidence with hesitation, and have come to the conclusion that this set-off cannot be allowed.    If you believe then that there has been a conversion of this wheat by the defendant you ought to find a verdict for the plaintiff."

The verdict was for plaintiff for $196.90.    After judgment thereon the defendant took this writ, and assigned for error the refusal of the foregoing points.

*D. W. Woods*, for plaintiff in error.—This action cannot be sustained.    All the rights and equities of the parties can be properly adjusted and worked out by an action against Lehr on the articles of agreement, if Taylor has any just claim.    Even if the action could be sustained, we had a right to prove, in mitigation of damages, that Taylor had fraudulently withheld from defendant his share of the corn : Romig's Adm'r *v.* Romig, 2 Rawle 241 ; Saam *v.* Saam, 4 Watts 432.

*Andrew Reed*, for defendant in error.—The defendant in error was entitled to the *actual* possession, for the purpose of threshing and dividing the wheat, and was prevented from so doing by the wrongful act of Lehr, who sold the wheat and thereby prevented Taylor from ever obtaining his own property.    The allegation that Taylor had not made a fair division of the corn the year before, will not justify Lehr taking Taylor's share of the wheat the next year, and of whose title thereto there was and could not be any dispute.    To an action of trover brought for a wilful tort like this, there can be no set-off.    The two cases cited by the plaintiff in error fail to establish any contrary doctrine.

Mr. Justice PAXSON delivered the opinion of the court, October 6th 1879.

The plaintiff worked the defendant's farm upon the shares.    By the terms of the lease, he was to have half the grain, but the right of possession thereof in the fields or in the barn was to be in the

defendant until divided and his share delivered to him, under the terms of the lease. The plaintiff moved off the farm in the spring of 1876. The wheat which is the subject of the present contention, was sown the previous fall, and harvested during 1876. It was therefore one of the crops of the year 1875. The defendant refused to allow plaintiff to take his share thereof, upon the allegation that the plaintiff had fraudulently withheld a portion of the corn and other crops for the year 1875. Thereupon the plaintiff brought this action of trover and conversion, to recover the value of one-half the wheat crop. Upon the trial in the court below, the defendant contended, 1. That the action of trover and conversion would not lie; and 2. That if it were the proper form of remedy, the defendant could show, in mitigation of damages, that the plaintiff had fraudulently withheld a portion of the crops, and could recoup the value thereof in this proceeding. Both these points were ruled against the defendant, the learned judge holding that in an action in form *ex delicto*, no set-off can be allowed.

We are of opinion that the plaintiff has mistaken his form of action. The possession and the right of possession of the grain was in the defendant until divided as stipulated in the lease; not as to the wheat crop alone, but as to all the crops of grain and hay in the fields or in the barn. If therefore the plaintiff had appropriated the corn and other crops to his own use, in fraud of the rights of his landlord under the lease, would he also be entitled to demand a division of the wheat and sue the latter in trover and conversion upon a refusal? We need not argue such a plain proposition. The possession being in the defendant, the action of trover cannot be sustained. Nor does it matter that the defendant sold the wheat and received the entire proceeds, if, as he alleges, the plaintiff had in his hands more than the amount unlawfully withheld from him. Had the plaintiff brought his action upon the lease all questions arising under it could have been properly adjusted. The attempt to settle only so many of them as suits his convenience is ingenious, but carries with it the penalty of failure by reason of a mistake in the form of action.

As this view is decisive of the case, we need not discuss at length the question raised by the second and third assignments. The general rule is as stated by the court below, that in actions *ex delicto*, a set-off is not admissible. But the evidence offered here was not by way of set-off, but of equitable defence as to matters growing out of the same transaction. There is a line of cases which go very far towards establishing its competency. See Heck v. Shener, 4 S. & R. 249; Romig v. Romig, 2 Rawle 241; Saam v. Saam, 4 Watts 432. There is a growing disposition to favor every principle that avoids circuity of action. There is always a saving of expense, and sometimes a great gain to the cause of justice by having one jury pass upon the whole case.

Judgment reversed.