## Quick v. Swanson.

*Practice, C. P.—Trespass—Set-off or counter-claim—Practice Act of 1915.*
In an action of trespass the defendant cannot plead a set-off or counter-claim. The Practice Act of May 14, 1915, P. L. 483, has not changed the law as to a counter-claim in an action of trespass.

Statutory demurrer to affidavit of defence. C. P. Potter Co., Sept. T., 1921, No. 106.

*Archibald F. Jones* and *Robert R. Lewis*, for plaintiff.

*W. K. Swetland*, for defendant.

HECK, P. J., Feb. 27, 1922.—The plaintiff, Dallas Quick, has brought an action of trespass against the defendant, Jake Swanson, to recover damages to his automobile which it is alleged was caused by the negligent act of the defendant.

An answer has been filed by the defendant, denying liability to the plaintiff and, in addition, alleging injury to his automobile by the negligent act of the plaintiff, and by counter-claim demanding damages of him.

The plaintiff has filed a statutory demurrer under the Practice Act of May 14, 1915, P. L. 483, denying the right of the defendant to set up a counter-claim in such an action as brought here. This is the sole question for our disposition.

1 D. & C.

We agree with Judge Gillan that "The law as to a counter-claim in an action of trespass has not been affected by our Practice Act of 1915. On that subject the law is the same since the Practice Act as before:" Shoemaker v. Myers, 30 Dist. R. 240; s. c., 49 Pa. C. C. Reps. 312.

We have examined carefully the authorities cited by counsel, and have come to the conclusion that in this State the law permitting a counter-claim to be set off by a defendant does not apply to actions of trespass: Heck v. Shener, 4 S. & R. 249.

It seems that the doctrine of our courts is that in an action of *assumpsit* a defence is permitted which goes to the consideration or the gist of the action, even though it be of a tortious nature, and even in actions of trespass matters growing out of the same transaction may be set up as an equitable defence: Heck v. Shener, 4 S. & R. 249; Lehr v. Taylor, 90 Pa. 381.

But farther than this the authorities do not seem to go, and none of our appellate courts in any wise recognize the principle that a counter-claim can be asserted in an action of trespass. A contrary conclusion is reached by Judge Gillan in the case of Shoemaker v. Myers, 30 Dist. R. 240, but with due respect for his opinion we cannot agree with his conclusion.

And now, Feb. 27, 1922, on the plaintiff's statement raising a question of law judgment is hereby entered in favor of the plaintiff and against the defendant, in so far as the defendant seeks to avail himself of a counter-claim against the plaintiff in the action brought.